UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBEL ELY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ROBERT BERNARD PERTHUIS,<br>WINDOMERE ADVISORS LLC, and<br>SCOTT-MACON SECURITIES, INC.,<br><br>　　　　　　　　　　Defendants. | Case No.:  12 Civ. 1078 (DAB)(JCF)<br><br>**ECF CASE** |

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Stewart D. Aaron
James D. Flynn
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022-4690
Telephone:  (212) 715-1000
Facsimile:  (212) 715-1399
Email:　　Stewart.Aaron@aporter.com
　　　　　James.Flynn@aporter.com

*Attorneys for Defendants Robert*
*Bernard Perthuis, Windomere Advisors*
*LLC and Scott-Macon Securities, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT .............................................................................................................................. 4

I.      Plaintiff's Breach of Contract Claim (First Cause of Action) and Breach of Partnership Agreement Claim (Fifth Cause of Action) are Barred by the Statute of Frauds.................. 5

II.     Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Fourth Cause of Action) Should be Dismissed ............................................................... 7

III.    Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause in Quantum Meruit, and Her Second Cause of Action Should be Dismissed.................................................................................................................... 9

IV.    Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause for Unjust Enrichment, and the Third Cause of Action Should be Dismissed.................................................................................................................... 9

V.     Plaintiff Has Not Pleaded Facts Sufficient to Give Rise to a Claim for Promissory Estoppel, and Her Sixth Cause of Action Should be Dismissed...................................... 11

CONCLUSION......................................................................................................................... 12

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*511 West 232nd Owners Corp. v. Jennifer Realty Co.*,
    98 N.Y.2d 144, 746 N.Y.S.2d 131 (2002) ............................................................................... 7

*Abrams v. Unity Mutual Life Ins. Co.*,
    237 F.3d 862 (7th Cir. 2001) ................................................................................................ 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................... 4

*Athletes and Artists, Inc. v. Millen*,
    1999 WL 587883 (S.D.N.Y. Aug. 4, 1999) ........................................................................... 7

*Baytree Associates, Inc. v. Forster*,
    240 A.D.2d 305, 659 N.Y.S.2d 19 (1st Dep't 1997) ............................................................. 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 4

*Bronner v. Park Place Entm't Corp.*,
    137 F. Supp. 2d 306 (S.D.N.Y. 2001) ................................................................................ 4, 5

*Dalton v. Educ. Testing Serv.*,
    87 N.Y.2d 384, 639 N.Y.S.2d 977 (1995) ............................................................................. 8

*Deutsche Bank Sec. Inc. v. Rhodes*,
    578 F. Supp. 2d 652 (S.D.N.Y. 2008) .................................................................................... 7

*Ellis v. Provident Life & Accident Inc. Co.*,
    3 F. Supp. 2d. 399 (S.D.N.Y. 1998) ..................................................................................... 10

*Fasolino Foods Co. v. Banca Nazionale del Lavoro*,
    961 F.2d 1052 (2d Cir.1996) .................................................................................................. 8

*Fleisher v. Phoenix Life Ins. Co.*,
    2012 WL 1538357 (S.D.N.Y. May 2, 2012) ............................................................. 3, 4, 7, 8

*Four Star Capital Corp. v. Nynex Corp.*,
    183 F.R.D. 91 (S.D.N.Y. 1997) ..................................................................................... 6, 7, 8

*Freedman v. Chemical Constr. Corp.*,
    43 N.Y.2d 260, 401 N.Y.S.2d 176 (1977) ............................................................................. 5

*Harris v. Provident Life & Accident Ins. Co.*,
    310 F.3d 73 (2d Cir. 2002) ..................................................................................................... 7

*Holloway v. King*,
   361 F. Supp. 2d 351 (S.D.N.Y. 2005)......................................................................................7

*Huntington Dental & Med. Co., Inc. v. Minnesota Mining and Mfg. Co.*,
   1998 WL 60954 (S.D.N.Y. Feb. 13, 1998)............................................................................10

*Intercont'l Planning Ltd. v. Daystrom, Inc.*,
   24 N.Y.2d 372, 300 N.Y.S.2d 817 (1969) ..............................................................................6

*Intertex Trading Corp. v. Ixtaccihuatl S.A. DE CV.*,
   754 F. Supp. 2d 610 (S.D.N.Y. 2010)....................................................................................10

*Mabry v. Neighborhood Defender Serv.*,
   769 F. Supp. 2d 381 (S.D.N.Y. 2011)......................................................................................4

*Mance v. Mance*,
   128 A.D.2d 448, 513 N.Y.S.2d 141 (1st Dep't 1987) ...........................................................10

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006).....................................................................................................3

*Merex A.G. v. Fairchild Weston Sys., Inc.*,
   29 F.3d 821 (2d Cir. 1994).....................................................................................................11

*Orderline Wholesale Distribs., Inc. v. Gibbons, Green, van Amerongen, Ltd.*,
   675 F. Supp. 122 (S.D.N.Y. 1987) ........................................................................5, 6, 7, 9, 10

*Philo Smith & Co. v. USLIFE Corp.*,
   554 F.2d 34 (2d Cir. 1977).....................................................................................................11

*Sharp v. Kosmalski*,
   40 N.Y.2d 119, 386 N.Y.S.2d 72 (1976) ...............................................................................10

*Sheth v. New York Life Ins. Co.*,
   273 A.D.2d 72, 709 N.Y.S.2d 74 (1st Dep't 2000) .................................................................8

*Sterling Interiors Grp. Inc. v. Haworth*,
   1996 WL 426379 (S.D.N.Y. July 30, 1996) ..........................................................................11

*Thiam v. Am. Talent Agency, Inc.*,
   2012 WL 1034901 (S.D.N.Y. Mar. 27, 2012) ...................................................................8, 10

*United Resource Recovery Corp. v. Ramko Venture Mgmt., Inc.*,
   584 F. Supp. 2d 645 (S.D.N.Y. 2008)....................................................................................11

*Village on Canon v. Bankers Trust Co.*,
   920 F. Supp. 520 (S.D.N.Y.1996) ...........................................................................................8

*Warshay v. Guinness PLC*,
   750 F. Supp. 628 (S.D.N.Y. 1990), *aff'd*, 935 F.2d 1278 (2d Cir. 1991) .................................. 6

*Zaitsev v. Salomon Brothers, Inc.*,
   60 F.3d 1001 (2d Cir. 1995) ........................................................................................................ 9

*Zeising v. Kelly*,
   152 F. Supp. 2d 335 (S.D.N.Y. 2001) ............................................................................ 4, 5, 6, 7, 10

**STATUTES**

N.Y. Gen. Oblig. Law § 5-701(a)(10) (McKinney's 2006) .................................................. 5, 6, 7, 9

N.Y. P'Ship Law § 74 (McKinney's 2006) ............................................................................................ 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1, 4

**PRELIMINARY STATEMENT**

Defendants Robert Bernard Perthuis ("Perthuis"), Windomere Advisors LLC ("Windomere") and Scott-Macon Securities, Inc. ("Scott-Macon") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint, filed on February 12, 2012 ("Complaint" or "Compl.")[1] by Plaintiff Rebel Ely ("Plaintiff"), on the ground that it fails to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**[2]

Scott-Macon is an investment bank with offices at 800 Third Avenue in New York City. (Compl. ¶¶ 5, 10.)  Perthuis is a managing director at Scott-Macon, and has been since at least 2007.  (*See id*. ¶¶ 10, 13, 16.)  Perthuis also was the sole member and owner of Windomere, a limited liability company.  (*See id*. ¶¶ 8, 11.)  Plaintiff is a citizen of the State of California and purports to have "extensive experience in fundraising for, conducting due diligence on, launching, operating, growing and selling start-up companies in the alternative energy and high technology industries."  (*See id*. ¶¶ 2, 15.)

This action arises out of an alleged business relationship between Plaintiff and Perthuis, acting individually and on behalf of Scott-Macon and Windomere.  According to the Complaint, Perthuis contacted Plaintiff sometime in 2007 because of her experience set forth in the paragraph above.  (*Id.* ¶¶ 15-16.)  Plaintiff alleges that Perthuis was seeking Plaintiff's "expertise in connection with the due diligence for Defendants' client 'F4W.'"  (*Id.* ¶ 16.)

---

[1] A copy of the Complaint is attached as Exhibit A to the accompanying Declaration of Stewart D. Aaron, dated May 16, 2012 ("Aaron Decl." or "Aaron Declaration").

[2] For the purposes of this motion to dismiss, the allegations of the Complaint are assumed to be true.  However, the true facts are that Defendants never received any fees or commissions in connection with the "Gold Sale" discussed *infra*.  In addition, Scott-Macon was never involved in the alleged "Gold Sale."

Perthuis allegedly "agreed to pay Plaintiff $10,000 per month for her time and expertise in connection with work for clients" of Defendants, "as well as pay Plaintiff fifty percent (50%) of Defendant's commissions and equity stakes on the [Scott-Macon] or [Windomere] matters they worked on together."  (*Id.* ¶ 19.)  The Complaint further alleges that, "on multiple occasions in April and May of 2009," and then again "around June or early July of 2009," Perthuis and Plaintiff agreed to become "50/50 partners."  (*Id.* ¶¶ 21-28.)

Plaintiff alleges that she and Perthuis agreed to raise money themselves and invest the money in Scott-Macon client matters, and to facilitate business transactions and take a commission on those transactions.  (*Id.* ¶ 30.)  Plaintiff further alleges that, "[f]rom June through September of 2009, Defendants [*sic*] PERTHUIS travelled extensively throughout various countries throughout the world . . . in an attempt to raise additional money so that their partnership could also undertake principal investing activities."  (*Id.* ¶ 31.)

According to the Complaint, "[f]or nearly seven months, Plaintiff met with various [Scott-Macon] clients and conducted due diligence on various matters that Plaintiff and Defendants were working on."  (*Id.* ¶ 29.)  Even so, Plaintiff's Complaint only refers to a single, specific transaction on which she alleges she is entitled to a commission.  This transaction involved a purported sale of a large quantity of gold by representatives of the Vatican (the "Gold Sale") and a commodities trader named Gene Lovato.  (*Id.* ¶ 32.)  The Complaint alleges that, sometime in September of 2009, Perthuis informed Plaintiff that he knew a lawyer in Washington, D.C. through whom they could contact the Israeli Discount Bank, which would buy the gold, and that, if the transaction was consummated, Perthuis and Plaintiff would be entitled to a five percent commission.  (*Id.* ¶¶ 33-34.)  Plaintiff alleges that she and Perthuis agreed to work together on the Gold Sale and that they would split the $60 million commission "on a 50/50 basis."  (*Id.* ¶ 35.)

According to Plaintiff, Perthuis met with Lovato and Lovato's hedge fund sponsor, Joseph Wolnick, on or around December 23, 2009, "to discuss the partnership and the outstanding issues with the Gold Sale" and that, the following day, Perthuis told Plaintiff, "'I don't think there is a reason for us to be in business anymore.'" (*Id.* ¶¶ 37-40.) Upon questioning Perthuis, he allegedly replied, "I don't want to be partners anymore. Our conversation is at an end." (*Id.* ¶ 41.) Plaintiff alleges that she then explained to Perthuis and Scott-Macon that she was owed $10,000 per month and 50 percent of the fees and equity on the matters on which they were working. (*Id.* at 42.)

Plaintiff alleges "[u]pon information and belief" that the Gold Sale was completed and that Defendants received in excess of $60 million in commissions. (*Id.* ¶ 43.) She further alleges that, "[d]espite repeated demands, Defendants have refused to make any payments to Plaintiff other than 2 small checks totaling $10,000." (*Id.* ¶ 47.) Copies of the cancelled checks evidencing these payments are annexed as Exhibit B to the accompanying Aaron Declaration.[3]

Tellingly, nowhere in the Complaint does Plaintiff allege that she and Defendants reduced any alleged agreements to writing. For the reasons set forth below, Plaintiff's Complaint should be dismissed in its entirety.

---

[3] The Court may consider on a motion to dismiss those documents referenced in the Complaint. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("[F]or the purposes of deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (alteration and citation omitted)); *Fleisher v. Phoenix Life Ins. Co.*, 2012 WL 1538357, at *1 (S.D.N.Y. May 2, 2012).

## ARGUMENT

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Fleisher*, 2012 WL 1538357, at *5 (quoting *Mabry v. Neighborhood Defender Serv.*, 769 F. Supp. 2d 381, 389 (S.D.N.Y. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009))). "A plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court evaluates the sufficiency of the complaint by applying a "two-pronged approach." *Id.* "First, 'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss." *Id.* (quoting *Iqbal*, 556 U.S. at 663)). Second, to the extent well-pleaded factual allegations exist, "'a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663-64)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

It is appropriate for a Court to grant a motion to dismiss based on the Statute of Frauds, "as such a motion is intended to weed out meritless claims, avoiding needless efforts on the parts of the parties and the Court and avoiding needless discovery." *Zeising v. Kelly*, 152 F. Supp. 2d 335, 343 (S.D.N.Y. 2001); *see Bronner v. Park Place Entm't Corp.*, 137 F. Supp. 2d 306, 311-13 (S.D.N.Y. 2001). "This is consistent with the purpose of the Statute of Frauds, namely, to protect people from alleged contractual obligations not supported by written evidence." *Zeising*, 152 F. Supp. 2d at 343.

I.   **Plaintiff's Breach of Contract Claim (First Cause of Action) and Breach of Partnership Agreement Claim (Fifth Cause of Action) are Barred by the Statute of Frauds**

Plaintiff's breach of contract and breach of partnership agreement claims, set forth in her First and Fifth causes of action respectively, are based on alleged agreements between Plaintiff and Perthuis, acting individually and on behalf of Scott-Macon and Windomere.  Plaintiff contends that these agreements arose out of a series of purported oral promises between Plaintiff and Perthuis.  As set forth below, these claims are barred by New York's Statute of Frauds.

Codified at New York's General Obligations Law, Section 5-701(a)(10), New York's Statute of Frauds states, in relevant part:

> a.  Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
>
> . . .
>
> 10.  Is a contract to pay compensation for services rendered in negotiating . . . a business opportunity . . . .  "Negotiation" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction.  This provision shall apply to a contract implied in fact or in law to pay reasonable compensation . . . .

N.Y. Gen. Oblig. Law § 5-701(a)(10) (McKinney's 2006).

Courts in this district have found that contracts for activities of the kind alleged in the Complaint fall within the Statute of Frauds.  For example, in *Orderline Wholesale Distribs., Inc. v. Gibbons, Green, van Amerongen, Ltd.*, 675 F. Supp. 122 (S.D.N.Y. 1987), the court stated:

> [T]he New York Court of Appeals held that "negotiating a business opportunity" within the meaning of [Section] 5–701(a)(10) includes the use of "connections," "ability" and "knowledge" to facilitate or assist in the transaction by helping the acquirer of the business opportunity meet the right people and have the right information.

*Id.* at 128 (citing *Freedman v. Chemical Constr. Corp.*, 43 N.Y.2d 260, 267, 401 N.Y.S.2d 176, 181 (1977)).  *See also Zeising*, 152 F. Supp. 2d at 344; *Bronner*, 137 F. Supp. 2d at 312;

- 5 -

*Warshay v. Guinness PLC*, 750 F. Supp. 628, 636 (S.D.N.Y. 1990), *aff'd*, 935 F.2d 1278 (2d Cir. 1991); *Intercont'l Planning Ltd. v. Daystrom, Inc.*, 24 N.Y.2d 372, 379-80, 300 N.Y.S.2d 817, 823 (1969). Moreover, where a party's role is to provide "know-how" and "know-who" in acting as an intermediary between principals of a transaction, courts have held that an alleged oral agreement is "an agreement to compensate a party for negotiating a business opportunity," and thus subject to the Statute of Frauds. *Bronner*, 137 F. Supp. 2d at 310 (citing *Freedman*, 43 N.Y.2d at 267, 401 N.Y.S.2d at 181); *Four Star Capital Corp. v. Nynex Corp.*, 183 F.R.D. 91, 101-03 (S.D.N.Y. 1997) (oral alleged partnership agreement, under which alleged partner was to locate for alleged copartner potential business prospects, was contract for negotiation of business opportunity required by Statute of Frauds to be in writing); *Baytree Assocs., Inc. v. Forster*, 240 A.D.2d 305, 306, 659 N.Y.S.2d 19, 20-21 (1st Dep't 1997).

The Complaint alleges that Perthuis contacted Plaintiff sometime in 2007 "because of her extensive expertise in fundraising for, conducting due diligence on, launching, operating, growing and selling start-up companies in the alternative energy and high technology industries," and for her "expertise in connection with the due diligence for Defendants' client 'F4W.'" (Compl. ¶¶ 15-16.) The Complaint further alleges that Plaintiff conducted "due diligence" (*id.* ¶¶ 15-16 and 29) and expected to be paid a share of "commissions" and "fees" (*id.* ¶¶ 19-20, 26, 28, 30, 33, 35, 42 and 44) in connection with these matters. The relationship alleged in the Complaint is, therefore, in the nature of "a contract to pay compensation for services rendered in negotiating . . . a business opportunity," that is, "procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction." N.Y. Gen. Oblig. Law § 5-701(a)(10) (McKinney's 2006). *See, e.g.*, *Zeising*, 152 F. Supp. 2d at 344; *Four Star Capital Corp.*, 183 F.R.D. at 101-03; *Orderline*, 675 F. Supp. at 128.

The Statute of Frauds requires Plaintiff to allege a *written* agreement.  N.Y. Gen. Oblig. Law § 5-701(a)(10) (McKinney's 2006).  Because the Complaint fails to allege any written agreement, Plaintiff's claims for breach of contract and breach of partnership agreement run afoul of the Statute of Frauds and should be dismissed.[4]

## II.   Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Fourth Cause of Action) Should be Dismissed

Plaintiff alleges in her Fourth Cause of Action that Defendants breached the implied covenant of good faith and fair dealing.  (Compl. ¶¶ 67-70.)  Under New York law, there is a covenant of good faith and fair dealing implied in all contracts.  *See, e.g.*, *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 746 N.Y.S.2d 131, 135-36 (2002); *Fleisher*, 2012 WL 1538357, at *6.  To avoid redundancy, "[c]laims of breach of the implied covenant . . . must be premised on a different set of facts from those underlying a claim for breach of contract."  *Deutsche Bank Sec. Inc. v. Rhodes*, 578 F. Supp. 2d 652, 664 (S.D.N.Y. 2008).  Accordingly, "'New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.'"  *Fleisher*, 2012 WL 1538357, at *6 (citing *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002)).

---

[4]   Plaintiff seeks an accounting in her Seventh Cause of Action.  (Compl. ¶¶81-83.)  "In order to sustain an equitable action for accounting under New York law, a plaintiff must show either a fiduciary or confidential relationship with the defendant."  *Holloway v. King*, 361 F. Supp. 2d 351, 361 (S.D.N.Y. 2005).  Since Plaintiff's partnership agreement cause of action is barred by the Statute of Frauds, and the Complaint otherwise fails to establish a fiduciary or confidential relationship between Plaintiff and Defendants, it follows that her cause of action for an accounting is likewise barred.  *See* N.Y. P'Ship Law § 74 (McKinney's 2006); *Holloway*, 361 F. Supp. at 361 (dismissing accounting claim for failure sufficiently to allege a fiduciary or confidential relationship with the defendant); *Athletes and Artists, Inc. v. Millen*, 1999 WL 587883, at *7 (S.D.N.Y. Aug. 4, 1999) (on summary judgment, dismissing both "breach of contract claim and attendant contract accounting claim" as barred by the Statute of Frauds).  Thus, Plaintiff's Seventh Cause of Action also should be dismissed.

In the present case, Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are based on the same facts, *i.e.*, Defendants' failure to live up to the terms of the parties' alleged contractual relationship.  Thus, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is duplicative of her breach of contract claim and should be dismissed.  *See, e.g.*, *Fleisher,* 2012 WL 1538357, at *6-7.

Moreover, because the covenant of good faith and fair dealing is implied in contract, and because her contract claim must fail under the Statute of Frauds, Plaintiff's claim for breach of the implied covenant must likewise fail.  "Under New York law, when an oral agreement is unenforceable, there can be no breach of the implied covenant of good faith and fair dealing." *Thiam v. Am. Talent Agency, Inc.*, 2012 WL 1034901, at *5 (S.D.N.Y. Mar. 27, 2012) (citing *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389, 639 N.Y.S.2d 977, 979-80 (1995)); *see Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir.1996) (holding that the determination that no contract existed disposed of cause of action for breach of the duty of good faith and fair dealing); *Village on Canon v. Bankers Trust Co.*, 920 F. Supp. 520, 534 (S.D.N.Y. 1996) (holding that where no agreement exists between the parties, the implied covenant of good faith and fair dealing does not provide an independent basis for recovery).  In other words, the covenant of good faith and fair dealing has no existence apart from a valid contract, and "cannot arise absent an enforceable agreement."  *Four Star Cap. Corp.*, 183 F.R.D. at 103; *see Sheth v. New York Life Ins. Co.*, 273 A.D.2d 72, 73, 709 N.Y.S.2d 74, 75 (1st Dep't 2000) (action for breach of implied covenant in termination of employee would not lie as substitute for nonviable breach of contract claim).  Thus, Plaintiff's Fourth Cause of Action should be dismissed.

### III. Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause in Quantum Meruit, and Her Second Cause of Action Should be Dismissed

Plaintiff seeks to recover in quantum meruit in her Second Cause of Action, alleging that she rendered services to Defendants, which Defendants accepted, used and enjoyed, and that Defendants were aware that Plaintiff expected to be paid for her efforts. (Compl. ¶¶ 55-59.) As discussed above, the underlying agreement at issue in this case was required to be in writing in order to be enforceable against Defendants. Under New York law, "a contract that is unenforceable under the Statute of Frauds is inadmissible as evidence of the reasonable value of services." *Zaitsev v. Salomon Brothers, Inc.*, 60 F.3d 1001, 1004 (2d Cir. 1995). Thus, in a breach of contract case, "[t]he requirement of a writing cannot be circumvented by an action for compensation in quantum meruit." *Orderline*, 675 F. Supp. at 128 (citations omitted); *Zaitsev*, 60 F.3d at 1004 (stating that where a contract claim is barred by the Statute of Frauds, a plaintiff cannot simply restate it in a quantum meruit claim).

Here, there is no writing alleged to support Plaintiff's contract/partnership claims, and Plaintiff attempts to overcome the bar of the Statute of Frauds by seeking in her Second Cause of Action recovery in quantum meruit. However, since "[t]he requirement of a writing cannot be circumvented by an action for compensation in quantum meruit," *Orderline*, 675 F. Supp. at 128, Plaintiff's Second Cause of Action should be dismissed.

### IV. Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause for Unjust Enrichment, and the Third Cause of Action Should be Dismissed

Plaintiff seeks to recover for unjust enrichment in her Third Cause of Action, alleging that Defendants were enriched at her expense. (Compl. ¶¶ 60-66.) The Statute of Frauds provides that it "shall apply to a contract implied in fact or in law." N.Y. Gen. Oblig. Law § 5-701(a)(10). "[T]he law prevents a plaintiff from circumventing the reach of the [S]tatute of

[F]rauds by asserting a quasi-contract claim, such as quantum meruit or unjust enrichment." *Huntington Dental & Med. Co., Inc. v. Minnesota Mining and Mfg. Co.*, 1998 WL 60954, at *7 (S.D.N.Y. Feb. 13, 1998) (citations omitted). "It is well settled under New York law that a plaintiff may not recover under an unjust enrichment claim when the Statute of Frauds bars the underlying contract that the unjust enrichment claim is predicated on." *Thiam*, 2012 WL 1034901, at *5; *see Intertex Trading Corp. v. Ixtaccihuatl S.A. DE CV.*, 754 F. Supp. 2d 610, 616 (S.D.N.Y. 2010) (dismissing an unjust enrichment claim because it circumvented the Statute of Frauds); *Zeising*, 152 F. Supp. at 345 ("Plaintiff cannot simply restate his contract claim, which is barred by the Statute of Frauds, in an attempt to obtain damages in a quasi-contractual claim.").

Here, Plaintiff's unjust enrichment claim, like her quantum meruit claim, depends upon proof of an unenforceable contract. Plaintiff cannot simply restate her contract claim, which is barred by the Statute of Frauds, in an attempt to obtain damages on a quasi-contractual claim. *Zeising*, 152 F. Supp. 2d at 345 (citing *Abrams v. Unity Mutual Life Ins. Co.*, 237 F.3d 862, 864–65 (7th Cir. 2001) (stating that a claim for unjust enrichment may be barred if it is based on the same promise and seeks the same relief as the alleged oral agreement)); *Orderline*, 675 F. Supp. at 128 (citation omitted).[5]

---

[5] Plaintiff seeks a constructive trust in her Eighth Cause of Action. (Compl. ¶¶ 84-86.) A cause of action for constructive trust has four elements: (1) the existence of a fiduciary or confidential relationship; (2) a promise expressed or implied; (3) a transfer in reliance on the promise; and (4) unjust enrichment. *Ellis v. Provident Life & Accident Inc. Co.*, 3 F. Supp. 2d. 399, 412 (S.D.N.Y. 1998); *Mance v. Mance*. 128 A.D.2d 448, 448, 513 N.Y.S.2d 141, 142-43 (1st Dep't 1987) (citing *Sharp v. Kosmalski*, 40 N.Y.2d 119, 121, 386 N.Y.S.2d 72, 74-75 (1976)). Since Plaintiff's partnership agreement cause of action is barred by the Statute of Frauds, the Complaint otherwise fails to establish a fiduciary or confidential relationship, and Plaintiff's cause of action for unjust enrichment, as discussed above, is not viable, Plaintiff's Eighth Cause of Action for constructive trust also should be dismissed. *See Ellis*, 3 F. Supp. at 412; *Mance* 128 A.D.2d at 448, 513 N.Y.S.2d at 143.

## V.     Plaintiff Has Not Pleaded Facts Sufficient to Give Rise to a Claim for Promissory Estoppel, and Her Sixth Cause of Action Should be Dismissed

Under New York law, promissory estoppel requires (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance by the party to whom the promise is made; and (3) injury sustained by the party asserting the estoppel by reason of that party's reliance. *Sterling Interiors Grp. Inc. v. Haworth*, 1996 WL 426379, at *21-22 (S.D.N.Y. July 30, 1996) (citations and internal quotation marks omitted). Where a plaintiff's claim for promissory estoppel relies on a writing that does not satisfy the Statute of Frauds, she must demonstrate that the defendant's actions caused her to suffer an "unconscionable" injury—which courts have continually held requires more than just a showing of economic harm. *See, e.g.*, *United Resource Recovery Corp. v. Ramko Venture Mgmt., Inc.*, 584 F. Supp. 2d 645, 658-59 (S.D.N.Y. 2008) ("'To invoke the power that equity possesses to trump the Statute of Frauds plaintiff must demonstrate 'unconscionable' injury, i.e., injury beyond that which flows naturally (expectation damages) from the non-performance of the unenforceable agreement.'" (quoting *Merex A.G. v. Fairchild Weston Sys., Inc.*, 29 F.3d 821, 826 (2d Cir. 1994)); *Philo Smith & Co. v. USLIFE Corp.*, 554 F.2d 34, 36 (2d Cir. 1977).

Plaintiff alleges in her promissory estoppel claim that she relied on Defendants' promises to her detriment by "remaining with Defendants, expending various sums of money and time, and foregoing other business opportunities elsewhere." (Compl. ¶ 70.) This economic harm does not constitute unconscionable injury, and the Sixth Cause of Action should be dismissed. *See, e.g.*, *United Resource Recovery Corp.*, 584 F. Supp. 2d at 658-59.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully urge that the Complaint be dismissed in its entirety.

Dated:  New York, New York
        May 16, 2012

                                Respectfully submitted,

                                ARNOLD & PORTER LLP


                                By:    /s/ Stewart D. Aaron
                                        Stewart D. Aaron
                                        James D. Flynn
                                        399 Park Avenue
                                        New York, New York 10022-4690
                                        Telephone:  (212) 715-1000
                                        Facsimile:  (212) 715-1399
                                        Email:    Stewart.Aaron@aporter.com
                                                  James.Flynn@aporter.com

                                        *Attorneys for Defendants Robert Bernard
                                        Perthuis, Windomere Advisors LLC and Scott-
                                        Macon Securities, Inc.*