UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBEL ELY,<br><br>                              Plaintiff,<br><br>         v.<br><br>ROBERT BERNARD PERTHUIS,<br>WINDOMERE ADVISORS LLC, and<br>SCOTT-MACON SECURITIES, INC.,<br><br>                              Defendants. | Case No.:  12 Civ. 1078 (DAB)(JCF)<br><br>**ECF CASE** |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Stewart D. Aaron
James D. Flynn
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022-4690
Telephone:  (212) 715-1000
Facsimile:  (212) 715-1399
Email:      Stewart.Aaron@aporter.com
            James.Flynn@aporter.com

*Attorneys for Defendants Robert*
*Bernard Perthuis, Windomere Advisors*
*LLC and Scott-Macon Securities, Inc.*

## **TABLE OF CONTENTS**

    **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

I.    Plaintiff's Breach of Contract Claim (First Cause of Action) and Breach of Partnership Agreement Claim (Fifth Cause of Action) are Barred by the Statute of Frauds ........................................................................................................ 2

     A.    The nature of the work allegedly performed by Plaintiff falls solidly within the Statute of Frauds ............................................................................ 2

     B.    Plaintiff does not fit within the narrow exception to the Statute of Frauds relating to a business enterprise akin to that of a joint venture ............................... 5

II.    Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Fourth Cause of Action) Should be Dismissed ..................................................... 6

III.   Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause in Quantum Meruit, and Her Second Cause of Action Should be Dismissed ............................................................................................. 6

IV.   Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause for Unjust Enrichment, and the Third Cause of Action Should be Dismissed ............................................................................................. 6

V.    Plaintiff Has Not Pleaded Facts Sufficient to Give Rise to a Claim for Promissory Estoppel, and Her Sixth Cause of Action Should be Dismissed ..................... 7

CONCLUSION ........................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES:**

*Baytree Assocs., Inc. v. Forster*,
   240 A.D.2d 305, 659 N.Y.S.2d 19 (1st Dep't 1997) ..................................................................5

*Bronner v. Park Place Entm't Corp.*,
   137 F. Supp. 2d 306 (S.D.N.Y. 2001)........................................................................................3

*Four Star Capital Corp. v. Nynex Corp.*,
   183 F.R.D. 91 (S.D.N.Y. 1997) .................................................................................................3

*Freedman v. Chem. Constr. Corp.*,
   43 N.Y.2d 260, 401 N.Y.S.2d 176 (1977) ............................................................................3, 4

*Haskins v. Loeb Rhoades & Co.*,
   52 N.Y.2d 523, 438 N.Y.S.2d 989 (1981) .................................................................................5

*Orderline Wholesale Distributors, Inc. v. Gibbons, Green, van Amerongen, Ltd.*,
   675 F. Supp. 122 (S.D.N.Y. 1987) ........................................................................................3, 6

*Riley v. N.F.S. Services*,
   891 F. Supp. 972 (S.D.N.Y. 1995) ............................................................................................4

*Sheth v. New York Life Ins. Co.*,
   273 A.D.2d 72, 709 N.Y.S.2d 74 (1st Dep't 2000) ...................................................................6

*Snyder v. Bronfman*,
   13 N.Y.3d 504, 893 N.Y.S.2d 800 (2009) .................................................................................4

*Super v. Abdelazim*,
   108 A.D.2d 1040, 485 N.Y.S.2d 612 (3d Dep't 1985)..............................................................4

*Thiam v. Am. Talent Agency, Inc.*,
   No. 11 Civ. 1465, 2012 WL 1034901 (S.D.N.Y. Mar. 27, 2012) .............................................7

**STATUTES AND RULES:**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1

N.Y. Gen. Oblig. Law § 5-701(a)(10) (McKinney's 2006)................................................... passim

## PRELIMINARY STATEMENT

Defendants Robert Bernard Perthuis ("Perthuis"), Windomere Advisors LLC ("Windomere") and Scott-Macon Securities, Inc. ("Scott-Macon") (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint, filed on February 12, 2012 ("Complaint" or "Compl.") by Plaintiff Rebel Ely ("Plaintiff"), on the ground that it fails to state a claim upon which relief can be granted.

In Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. Mem."), Plaintiff desperately seeks to circumvent the Statute of Frauds bar to her claims. However, based upon the allegations of the Complaint, the Statute of Frauds bars any claims by Plaintiff against Windomore and Scott-Macon, from whom she admittedly is seeking a "finder's fee" for the so-called "Gold Sale."[1] The Complaint allegations make clear that Plaintiff's lawsuit is based upon commissions allegedly due for purportedly finding "a buyer for the Gold Sale" (Compl., ¶ 33), and her "work[] on the Gold Sale" (*id*., ¶ 36), which falls within the broad scope of Section 5-701(a)(10) of the New York General Obligations Law. Furthermore, Plaintiff's claims against Perthuis do not fit into the narrow exception to the Statute of Frauds relating to a business enterprise akin to that of a joint venture, since she fails to plead evidentiary facts as to the existence of such an enterprise. For the reasons set forth below, all of her claims should be dismissed with prejudice.

---

[1] The Gold Sale is the single specific transaction on which Plaintiff contends she is entitled to a commission. As noted in the opening memorandum of law (at page 1, n.2), Defendants never received any fees or commissions in connection with the Gold Sale, and Scott-Macon was never involved in the Gold Sale, calling into serious questions why this lawsuit was filed in the first instance and why it is still being pursued. Nevertheless, for purposes of this motion to dismiss, Plaintiffs' allegations are assumed to be true.

# ARGUMENT

**I.    Plaintiff's Breach of Contract Claim (First Cause of Action) and Breach of Partnership Agreement Claim (Fifth Cause of Action) are Barred by the Statute of Frauds**

In her Opposition Memorandum, Plaintiff seeks to skirt the Statute of Frauds bar to the First and Fifth Causes of Action by arguing that (1) the scope of her work was broad enough to take it outside the Statute of Frauds; and (2) the Statute of Frauds does not apply to her alleged oral joint venture agreement with Perthuis.  [Opp. Mem. at 5-8].  Both of these arguments fail.

**A.    The nature of the work allegedly performed by Plaintiff falls solidly within the Statute of Frauds**

Plaintiff asserts that she did more than "negotiat[e] … a business opportunity," in order to argue that her work falls outside of the Statute of Frauds.  However, Plaintiff has too narrowly construed the Statute of Frauds both in terms of its statutory language, as well as the case law construing the Statute.

As set forth in the opening memorandum of law, codified at New York's General Obligations Law, Section 5-701(a)(10), New York's Statute of Frauds states, in relevant part:

> a.  Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
>
> \* \* \*
>
> 10.  Is a contract to pay compensation for services rendered in negotiating . . . a business opportunity . . . .  "Negotiation" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction.  This provision shall apply to a contract implied in fact or in law to pay reasonable compensation . . . .

N.Y. Gen. Oblig. Law § 5-701(a)(10) (McKinney's 2006).  This language has been construed broadly by the New York courts.

- 2 -

For example, in *Orderline Wholesale Distributors, Inc. v. Gibbons, Green, van Amerongen, Ltd.*, 675 F. Supp. 122 (S.D.N.Y. 1987), the court stated:

> [T]he New York Court of Appeals held that "negotiating a business opportunity" within the meaning of [Section] 5–701(a)(10) includes the use of "connections," "ability" and "knowledge" to facilitate or assist in the transaction by helping the acquirer of the business opportunity meet the right people and have the right information.

*Id.* at 128 (citing *Freedman v. Chem. Constr. Corp.*, 43 N.Y.2d 260, 267, 401 N.Y.S.2d 176, 181 (1977)).  Where a party's role is to provide "know-how" and "know-who" in acting as an intermediary between principals of a transaction, courts have held that an alleged oral agreement is "an agreement to compensate a party for negotiating a business opportunity," and thus subject to the Statute of Frauds.  *Bronner v. Park Place Entm't Corp.*, 137 F. Supp. 2d 306, 310 (S.D.N.Y. 2001) (citing *Freedman*, 43 N.Y.2d at 267, 401 N.Y.S.2d at 181); *see also Four Star Capital Corp. v. Nynex Corp.*, 183 F.R.D. 91, 101-03 (S.D.N.Y. 1997) (oral alleged partnership agreement, under which alleged partner was to locate for alleged copartner potential business prospects, was contract for negotiation of business opportunity required by Statute of Frauds to be in writing).

The Complaint alleges that Perthuis contacted Plaintiff sometime in 2007 "because of her extensive expertise in fundraising for, conducting due diligence on, launching, operating, growing and selling start-up companies in the alternative energy and high technology industries," and for her "expertise in connection with the due diligence for Defendants' client 'F4W.'" (Compl. ¶¶ 15-16.)  The Complaint further alleges that Plaintiff conducted "due diligence" (*id.* ¶¶ 15-16 and 29) and expected to be paid a share of "commissions" and "fees" (*id.* ¶¶ 19-20, 26, 28, 30, 33, 35, 42 & 44) in connection with these matters.  The work purportedly done by Plaintiff, as alleged in the Complaint, plainly falls within the scope of the Statute of Frauds and her breach of contract claims should be dismissed.

- 3 -

Citing *Freedman v. Chemical Construction Corp.*, 43 N.Y.2sd 260, 401 N.Y.S.2d 176 (1977), Plaintiff asserts that since her services "are not limited and transitory, the statute of frauds should not apply." [Opp. Mem. at 6-7]. However, Plaintiff ignores the holding by the New York Court of Appeals, with respect to the broad scope of the Statute of Frauds:

> In *Freedman v. Chemical Constr. Corp.*, 43 N.Y.2d 260, 267, 401 N.Y.S.2d 176, 372 N.E.2d 12 [1977] we remarked, in the course of holding a plaintiff's claim to be barred by General Obligations Law § 5–701(a)(10), that the plaintiffs role in a transaction was ''limited and transitory'' but that does not mean that every broker or finder who plays more than a ''limited and transitory'' role in a transaction is entitled to recover. The more relevant language in *Freedman* says that ''where . . . the intermediary's activity is . . . that of providing 'know-how' or 'know-who', in bringing about between principals an enterprise of some complexity or an acquisition of a significant interest in an enterprise,'' the statute of frauds applies (id.).

*Snyder v. Bronfman*, 13 N.Y.3d 504, 509-10, 893 N.Y.S.2d 800, 803 (2009) (ellipses in the original). In the present case, Plaintiff's alleged activity fell within the scope of the Statute of Frauds.

In support of her argument that the scope of her work takes her outside the Statute of Frauds, Plaintiff cites *Riley v. N.F.S. Services*, 891 F. Supp. 972 (S.D.N.Y. 1995), and *Super v. Abdelazim*, 108 A.D.2d 1040, 485 N.Y.S.2d 612 (3d Dep't 1985). However, those cases are readily distinguishable from the present case. In *Riley v. N.F.S. Services*, plaintiff Riley was hired as a Senior Vice President to head a new division of N.F.S., and had numerous and widespread responsibilities for which he was paid a compensation package. 891 F. Supp. at 978. Similarly, the plaintiff in *Super v. Abdelazim* entered into an oral agreement with the defendant whereby the plaintiff was to perform all necessary services to find a suitable location for a medical office, as well as to act as construction manager in converting a former school building into a medical office. 108 A.D.2d at 1041-42, 485 N.Y.S.2d at 613-14. Here, by contrast, the work for which Plaintiff is seeking to be paid relates to her work in furtherance of obtaining a

- 4 -

commission on the Gold Sale. Thus, the breach of contract claims are barred by the Statute of Frauds.

### B. Plaintiff does not fit within the narrow exception to the Statute of Frauds relating to a business enterprise akin to that of a joint venture

Plaintiff contends that she had an oral joint venture agreement with Perthuis (*see*, *e.g.*, Compl., ¶¶ 21, 22, 23, 25, 28), and that the Statute of Frauds does not apply to an oral joint venture agreement. [Opp. Mem. at 7-8]. It is true that the New York Court of Appeals has recognized a "narrow exception" to the Statute of Frauds — where there exists a business enterprise "'closely akin to that of joint venture,'" the agreement to share in the profits of the joint enterprise need not necessarily be in writing. *Haskins v. Loeb Rhoades & Co.*, 52 N.Y.2d 523, 525, 438 N.Y.S.2d 989, 990 (1981) (citation omitted). However, Plaintiff has not pled all the requisite elements of an oral joint venture agreement, including joint control and management of the enterprise, and contribution of capital. *See Baytree Assocs., Inc. v. Forster*, 240 A.D.2d 305, 306, 659 N.Y.S.2d 19, 20 (1st Dep't 1997) ("the record shows that the alleged oral agreement did not create a partnership or joint venture, since certain key terms of such an agreement--the sharing of profits and losses, joint control and management of the company, and contribution of capital--were not established"); *Haskins*, 52 N.Y.2d at 525, 438 N.Y.S.2d at 990 ("plaintiff has come forward with no evidentiary facts which indicate the existence of any enterprise even remotely resembling a joint venture"). Thus, the First and Fifth Causes of Action, which are based on breach of contract, should be dismissed.[2]

---

[2] Plaintiff's Seventh Cause of Action seeks an Accounting. In her Opposition Memorandum, Plaintiff states that "[a]s an alleged partner of Defendants," she is "entitled to an accounting." [Opp. Mem. at 15]. However, since she has not adequately pleaded the existence of a partnership agreement, her Seventh Cause of Action should be dismissed.

### II. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing (Fourth Cause of Action) Should be Dismissed

In addressing the Fourth Cause of Action, Plaintiff does not address Defendants' legal argument that is fatal to its claim. [*See* Opp. Mem. at 14-15]. As set forth in the opening memorandum, because the covenant of good faith and fair dealing is implied in contract, and because her contract claim must fail under the Statute of Frauds, Plaintiff's claim for breach of the implied covenant must likewise fail. *See Sheth v. New York Life Ins. Co.*, 273 A.D.2d 72, 73, 709 N.Y.S.2d 74, 75 (1st Dep't 2000) (action for breach of implied covenant in termination of employee would not lie as substitute for nonviable breach of contract claim). Thus, Plaintiff's Fourth Cause of Action should be dismissed.

### III. Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause in Quantum Meruit, and Her Second Cause of Action Should be Dismissed

Without any case law or statutory support, Plaintiff argues that Defendants "are incorrect" in seeking dismissal of the quantum meruit claim based upon the Statute of Frauds. [Opp. Mem. at 12]. In fact, Defendants are entirely correct. In a breach of contract case, "[t]he requirement of a writing cannot be circumvented by an action for compensation in *quantum meruit*." *Orderline*, 675 F. Supp. at 128 (citations omitted). Moreover, by its terms, the Statute of Frauds applies to "a contract implied in fact or in law to pay reasonable compensation . . . ." N.Y. Gen. Oblig. Law § 5-701(a)(10).

### IV. Plaintiff Cannot Circumvent the Writing Requirement of the Statute of Frauds by Pleading a Cause for Unjust Enrichment, and the Third Cause of Action Should be Dismissed

Plaintiff, also without any case law or statutory support, asserts in her Opposition Memorandum that "the Statute of Frauds does not bar Plaintiff's unjust enrichment claim." [Opp. Mem. at 12]. This assertion is baseless. The Statute of Frauds provides that it "shall apply to a contract implied in fact or in law . . . ." N.Y. Gen. Oblig. Law § 5-701(a)(10). "It is well

- 6 -

- 7 -

settled under New York law that a plaintiff may not recover under an unjust enrichment claim when the Statute of Frauds bars the underlying contract that the unjust enrichment claim is predicated on." *Thiam v. Am. Talent Agency, Inc.*, No. 11 Civ. 1465, 2012 WL 1034901, at *5 (S.D.N.Y. Mar. 27, 2012).

**V.     Plaintiff Has Not Pleaded Facts Sufficient to Give Rise to a Claim for Promissory Estoppel, and Her Sixth Cause of Action Should be Dismissed**

In her Opposition Memorandum, Plaintiff acknowledges the legal principle that is fatal to her promissory estoppel claim — "Plaintiff ELY's promissory estoppel claim is barred by the Statute of Frauds unless Plaintiff can demonstrate 'unconscionable injury.'"  [Opp. Mem. at 13]. However, Plaintiff makes no attempt in her Opposition Memorandum to articulate any unconscionable injury, and her Sixth Cause of Action should be dismissed.[3]

---

[3]     In her Opposition Memorandum, she makes no attempt to defend her Eighth Cause of Action for a constructive trust.  For the reasons stated in Defendants' opening memorandum, the Eighth Cause of Action should be dismissed.

## **CONCLUSION**

For all the foregoing reasons, and the reasons stated in Defendants' opening memorandum, Defendants respectfully urge that the Complaint be dismissed in its entirety. Moreover, since any amendment of her pleading would be futile, Plaintiff should not be given leave to replead.

Dated: New York, New York
        June 5, 2012

                              Respectfully submitted,

                              ARNOLD & PORTER LLP

                              By:   /s/ Stewart D. Aaron
                                   Stewart D. Aaron
                                   James D. Flynn
                                   399 Park Avenue
                                   New York, New York 10022-4690
                                   Telephone:  (212) 715-1000
                                   Facsimile:  (212) 715-1399
                                   Email:   Stewart.Aaron@aporter.com
                                               James.Flynn@aporter.com

                              *Attorneys for Defendants Robert Bernard Perthuis, Windomere Advisors LLC and Scott-Macon Securities, Inc.*